IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr415

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| TAMARA VARNADO (2) ) | |
| ) | |

**THIS MATTER** is before the Court upon motions of the defendant to dismiss all but two counts of the indictment for improper venue. (Doc. No. 37: Counts One through Eleven; Doc. No. 33: Counts Twelve, Thirteen, Fifteen, Sixteen, and Eighteen). The government has responded, (Doc. No. 34, 41), and the defendant filed one reply memorandum, (Doc. No. 38).

I.  BACKGROUND

The grand jury indicted the defendant and a co-defendant on eighteen charges relating to an alleged scheme to defraud Medicare. (Doc. No. 30: Superseding Indictment). Introductory paragraphs provide details about the defendants, unindicted co-conspirators, Medicare regulations at issue, and manner and means of the alleged scheme. Count One alleges a health care fraud conspiracy, in violation of 18 U.S.C. § 1349, committed "within Mecklenburg County, in the Western District of North Carolina, and elsewhere." Counts Two through Ten allege substantive health care fraud charges, in violation of 18 U.S.C. §§ 1347 and 2, for specific transactions occurring "in Mecklenburg County, within the Western District of North Carolina, and elsewhere." Count Eleven alleges a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), committed "in Mecklenburg County, within the Western District of North Carolina and elsewhere." Counts Twelve through Eighteen allege substantive money laundering charges, in

violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 2, for specific transactions occurring "in Mecklenburg County, within the Western District of North Carolina, and the Southern District of Texas, Houston Division."

II.   DISCUSSION

Venue is a constitutional requirement that, for a continuing offense, may be established in any district in which the offense was begun, continued, or completed. U.S. Const. Art. III, § 2;  18 U.S.C. § 3237(a); Fed. R. Crim. P. 18; United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995).  Thus, prosecution in a conspiracy case may be brought in any district in which any act in furtherance of the conspiracy was committed. Al-Talib, 55 F.3d at 928 (citing United States v. Anderson, 611 F.2d 504, 509 n. 5 (4th Cir.1979)).  Venue may be established through minimal acts, such as telephone calls, and venue for all defendants may established through the acts of a co-conspirator. Id. (citing United States v. Naranjo, 14 F.3d 145, 147 (2nd Cir. 1994) (telephone calls) and United States v. Sneed, 527 F.2d 590, 591 (4th Cir. 1975) (co-conspirators liable in district where acts in furtherance of conspiracy were performed)). The government bears the burden of proving venue at trial by a preponderance of the evidence. Id.

If a defendant challenges venue prior to trial in a motion to dismiss, a court may only consider the indictment. United States v. Forrest, 182 F.3d 910, slip op. at *1 (4th Cir. June 29, 1999) (unpublished decision) (citing United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996)). The truth of the allegations is presumed and a defendant may not challenge a facially valid indictment on the ground that it is not supported by adequate evidence, Jensen, 93 F.3d at 669 (citing United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)), or that it fails to indicate which specific acts were committed in the district, United States v. Chalmers, 474 F. Supp. 2d 555, 575

(S.D.N.Y. 2007). Thus, courts have refused to dismiss indictments with general allegations that crimes were committed within the district at issue. Jensen, 93 F.3d at 670; Chalmers, 474 F. Supp. 2d at 573.

Here, the defendant challenges the indictment arguing that it fails to state which acts occurred in this district. (Doc. No. 37: Motion at 3-4 (Count One), 7-8 (Counts Two through Ten), 9 (Count Eleven); Doc. No. 33: Motion at 5 (Counts Twelve, Thirteen, Fifteen, Sixteen, and Eighteen)). The court in Chalmers rejected the same argument as premature and held that it was appropriate to reserve the issue until trial. 474 F. Supp. at 575. The grand jury alleged that each of the crimes in the indictment was committed in this district. (Doc. No. 30: Superseding Indictment). The Court does not have the authority to look behind the indictment to consider whether sufficient evidence supports the charges. Jensen, 93 F.3d at 669. Thus, the general allegations of venue are sufficient until trial, when the government will bear the burden to prove venue by a preponderance of the evidence. Chalmers, 474 F. Supp. 2d at 575.

**IT IS, THEREFORE, ORDERED** that the defendant's motions to dismiss (Doc. No. 33, 37) are **DENIED**.

**IT IS FURTHER ORDERED** that the government's motion to extend the time to respond (Doc. No. 41) is **GRANTED** nunc pro tunc.[1]

---

[1] The defendant did not oppose the motion and the Court finds no prejudice to the defendant in granting it.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: October 9, 2007

Robert J. Conrad, Jr.
Chief United States District Judge