# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:06cr415

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TAMARA VARNADO, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** came before the Court on the Government's Motion Requesting Finding That Recusal Is Not Required [Doc. 61] and Defendant's Motion to Rescind Order and Reconsider Based on Recusal [Doc. 70].

**I.   MOTION REQUESTING FINDING THAT RECUSAL IS NOT REQUIRED**

On October 15, 2007, the Government filed a Notice and Motion Requesting Finding That Recusal Is Not Required [Doc. 61], advising the Court of a potential issue of recusal under 28 U.S.C. § 455(b). Specifically, the Government advised that the investigation of this underlying criminal

matter began while Judge Conrad was the United States Attorney for the Western District of North Carolina. The Government advised that the United States Attorney Office's involvement in the case began in February, 2004, four months before Judge Conrad resigned his position as United States Attorney. The Government represented that based on a review of its files, there is no evidence that Judge Conrad took any personal action on this matter or was ever made personally aware of the opening of the criminal investigation of this matter.

Based upon the Government's Notice, Judge Conrad reassigned this matter to the undersigned on October 22, 2007. Defendant Varnado thereafter filed the present motion for reconsideration.

Title 28 U.S.C. § 455 provides, in pertinent part, as follows:

> [Any judge] shall also disqualify himself . . .[w]here he has served in governmental employment and in such capacity *participated* as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

28 U.S.C. § 455(b)(3) (emphasis added). In the present case, there is no allegation made, much less any evidence to indicate, that Judge Conrad "participated as counsel, adviser or material witness concerning" this matter or that he "expressed an opinion concerning the merits" of the case.

2

See United States v. Gipson, 835 F.2d 1323, 1326 (10th Cir.), cert. denied, 486 U.S. 1044 (1988) (finding district judge had not "participated as counsel" in prior prosecution of defendant where judge merely held office of United States Attorney at the time when and in the district court where prosecution occurred). As such, it appears to the undersigned that Judge Conrad was not required to recuse himself pursuant to 28 U.S.C. § 455(b)(3), but rather did so out of an overabundance of caution and in an effort to avoid even a hint of the appearance of impropriety. Accordingly,

**IT IS, THEREFORE, ORDERED** that the Government's Motion Requesting Finding That Recusal Is Not Required [Doc. 61] is **GRANTED**.

## II. MOTION TO RESCIND ORDER

Defendant Tamara Varnado moves the Court to rescind the previous Court's Order [Doc. 56] denying the Defendant's Motions to Dismiss the Superseding Indictment for Lack of Venue and to reconsider the issues raised therein. For grounds, Defendant Varnado argues that this Order should be rescinded because it was entered by District Judge Robert J. Conrad, Jr. prior to his recusal in this matter.

Because Judge Conrad's recusal was not mandatory, the Court similarly finds that rescinding the Order entered by Judge Conrad prior to

3

his recusal is also not mandatory. Nevertheless, out of a similar overabundance of caution, the Court will grant the Defendant's motion and rescind Judge Conrad's Order of October 9, 2007 so that the Defendant's Motions to Dismiss may be reconsidered. Accordingly,

**IT IS, THEREFORE, ORDERED** that Defendant Varnado's Motion to Rescind Order and Reconsider Based on Recusal [Doc. 70] is **GRANTED**, and Judge Conrad's Order of October 9, 2007 [Doc. 56] is hereby **RESCINDED** and the Motions to Dismiss are hereby **RECONSIDERED**.

## III. MOTIONS TO DISMISS FOR LACK OF VENUE

Defendant Varnado moves to dismiss Counts One through Eleven, Twelve, Thirteen, Fifteen, Sixteen, and Eighteen of the Superseding Indictment on the grounds that the Western District of North Carolina is not the proper venue for these Counts. [Docs. 33, 37].

Proper venue in a criminal prosecution is a constitutional requirement. Article III of the Constitution provides that "The Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. Further, the Sixth Amendment provides that a criminal defendant has a right to a trial "by an impartial jury of the State and district wherein the crime shall have been

committed." U.S. Const. amend. VI; see also Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). When Congress does not indicate by statute where venue for the offense may lie, venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000), cert. denied, 532 U.S. 944 (2001) (quoting United States v. Anderson, 328 U.S. 699, 703 (1946)).

The Government has the burden of proving venue by a preponderance of the evidence. Id. When a defendant is charged with multiple counts, venue must be proved as to each count. United States v. Smith, 452 F.3d 323, 335 (4th Cir.), cert. denied, 127 S. Ct. 694 (2006).

In a pretrial motion to dismiss, the allegations set forth in the indictment must be taken as true. See United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004). "When the motion to dismiss for improper venue is a pretrial motion, only the indictment may be considered. Evidence beyond the face of the indictment should not be considered." United States v. Forrest, 182 F.3d 910, 1999 WL 436743, at *1 (4th Cir. June 29, 1999) (citing United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996)).

5

Thus, a defendant may not challenge a facially valid indictment on the grounds that the allegations contained therein are not supported by adequate evidence. See Jensen, 93 F.3d at 669. Nor may a defendant challenge a facially valid indictment on the grounds that it fails to indicate which specific acts were committed in the district. See, e.g., United States v. Chalmers, 474 F. Supp. 2d 555, 575 (S.D.N.Y. 2007).

The Court finds that, at this stage in the proceedings, the allegations in the Superseding Indictment, when taken as true, sufficiently establish venue in the Western District of North Carolina for each Count of the Superseding Indictment. The Superseding Indictment alleges that the Defendants acted in furtherance of both a health care fraud conspiracy and a money laundering conspiracy effectuated within "Mecklenburg County, in the Western District of North Carolina, and elsewhere." "[A] prosecution may be brought in any district in which any act in furtherance of the conspiracy was committed." United States v. Al-Talib, 55 F.3d 923, 928 (4th Cir. 1995) (citing United States v. Anderson, 611 F.2d 504, 509 n.5 (4th Cir. 1979)). With respect to the other charges, Counts Two through Ten allege substantive health care fraud charges for specific transactions occurring "in Mecklenburg County, within the Western District of North

Carolina, and elsewhere," in violation of 18 U.S.C. §§ 1347 and 2, and the remaining Counts allege substantive money laundering charges for transactions occurring "in Mecklenburg County, within the Western District of North Carolina, and the Southern District of Texas, Houston Division," in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 2. These general allegations regarding venue are sufficient until trial, at which time the Government will have the burden of proving by a preponderance of the evidence that venue is proper as to each Count in the Superseding Indictment.

For the foregoing reasons, the Court finds that the Superseding Indictment adequately alleges venue with respect to Counts One through Eleven, Twelve, Thirteen, Fifteen, Sixteen, and Eighteen, and that the Defendant's Motions to Dismiss the Superseding Indictment for Lack of Venue should be denied. Accordingly,

**IT IS, THEREFORE, ORDERED** that Defendant Varnado's Motion to Dismiss Counts Twelve, Thirteen, Fifteen, Sixteen, and Eighteen of the Superseding Indictment for Lack of Venue [Doc. 33] and the Motion to Dismiss Counts One Through Eleven of the Superseding Indictment for Lack of Venue [Doc. 37] are both **DENIED**.

**IT IS SO ORDERED**.

Signed: October 25, 2007

Martin Reidinger
United States District Judge