# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:06cr415

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) </br> PAUL OSUJI and ) </br> TAMARA VARNADO, ) </br> ) </br> Defendants. ) </br> ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Pre-Trial Production of Brady and Impeachment Evidence Related to Government Witnesses "Prince Yellowe" and Linda Morgan [Doc. 44]; Defendant's Motion *in Limine* to Preclude Propensity Evidence and Co-Conspirator Statements That Were Not In Furtherance of the Charged Conspiracy [Doc. 49]; the Government's Motion to Permit the Use of Leading Questions During Direct Examination of Witnesses Identified With Defendant [Doc. 62]; and the Government's Motion for Reciprocal Discovery and Production of Defense Witness Statements [Doc. 75].

**I.     Motion for Brady and Impeachment Materials**

Defendant Varnado moves the Court for an Order directing the Government to produce pretrial any Brady or impeachment evidence related to government witnesses "Prince Yellowe" and Linda Morgan. [Doc. 44]. The Government opposes the Defendant's motion. [Doc. 45].

The materials that the Defendant requests – the pretrial production of Brady materials and impeachment evidence – has already been made available to her pursuant to the Court's Standard Criminal Discovery Order [Doc. 22] and the Government's Open File Policy. Under such a policy, "the government agree[s] to turn over essentially all of its documents to the defendants in return for the comfort of knowing that neither Brady nor Giglio [will] be relevant throughout the protracted proceedings." United States v. Derrick, 163 F.3d 799, 812 (4th Cir. 1998), cert. denied, 526 U.S. 1133 (1999). Accordingly, the Defendant's request for pretrial disclosure of these materials is moot.

Defendant appears to argue that the Government is required to identify for the Defendant the specific materials in its file that constitute Brady and Giglio materials. The Court is not aware of any such obligation on the part of the Government when a file is produced pursuant to an Open

File Policy, and the Defendant has not cited to any authority which places such an obligation on the Government. Indeed, the Fourth Circuit has declined to find a Brady violation where the exculpatory information was produced in the government's open file and thus "readily available" to the defendant. See United States v. Williams, 133 F.3d 920, 1998 WL 13535, at *4 (4th Cir. Jan. 15, 1998), cert. denied, 523 U.S. 1100 (1998) ("Here, the information was contained in the Government's open file and the tapes were readily available to the defense team. It would have been time-consuming, but not unreasonable, for counsel to scour the fruits of the Government's surveillance for evidence that either tended to implicate or exculpate his client.").

For these reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Pre-Trial Production of Brady and Impeachment Evidence Related to Government Witnesses "Prince Yellowe" and Linda Morgan [Doc. 44] is **DENIED**.

## II. DEFENDANT'S MOTION IN LIMINE

Defendant Varnado moves the Court for an Order preventing the Government from introducing the following evidence:

> (1) evidence, including statements of co-conspirators, related to Varnado's propensity in general to engage in fraudulent conduct or acts;
>
> (2) evidence outside the scope of the instant indictment related to the establishment of a company known as Nova Medical Supply, and/or any other durable equipment medical supply company not identified or charged in the instant indictment; and
>
> (3) prejudicial and extrinsic evidence of purported bad acts or fraudulent conduct related to Medicare fraud occurring on any date not alleged in the indictment.

Defendant argues that such evidence is not admissible under Fed. R. Evid. 404(b); is not relevant under Fed. R. Evid. 402; and is overly prejudicial under Fed. R. Evid. 403.

The Defendant's request for the exclusion of such evidence is premature. Accordingly, the Court finds that a ruling on the Defendant's motion at this time would require speculation on the nature of the evidence to be produced as well as the reason for its production. For these reasons, the Court's finds the Defendant's request to exclude such evidence to be premature at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion *in Limine* to Preclude Propensity Evidence and Co-Conspirator Statements That Were Not In Furtherance of the Charged Conspiracy [Doc. 49] is **DENIED WITHOUT PREJUDICE**.

### III. MOTION TO PERMIT LEADING QUESTIONS

The Government moves the Court pursuant to Rule 611(c) of the Federal Rules of Evidence for an Order permitting the use of leading questions during the direct examination of Mary Fleming, Nynechia Afriyie, and Linda Morgan, witnesses who may be called during the Government's case-in-chief during the trial of this matter. [Doc. 62].

Rule 611 provides, in pertinent part, as follows:

> Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

Fed. R. Evid. 611(c).

The Government contends that Ms. Fleming, who is Defendant Varnado's mother, and Ms. Afriyie, who is Defendant Varnado's sister, each have a "close personal relationship" with the Defendant, thereby

making it likely that both witnesses will be reluctant to be completely forthcoming during their testimony.  The Government further contends that Ms. Morgan has apparently indicated to Defendant Varnado's counsel that she will not cooperate with the Government in this case, and further, that Ms. Morgan has a "personal relationship" with Varnado which is likely to color her willingness to testify.

The Court finds that the Government's motion is premature at this time.  Accordingly, **IT IS, THEREFORE, ORDERED** that the Government's Motion to Permit the Use of Leading Questions During Direct Examination of Witnesses Identified With Defendant [Doc. 62] is **DENIED WITHOUT PREJUDICE** with leave to re-file the same at trial if and when any of these witnesses are called to testify and the proper foundation is laid establishing that the witness can be properly "identified with an adverse party" under Rule 611(c).

**IV.   MOTION FOR RECIPROCAL DISCOVERY**

The Government moves the Court for an Order requiring the Defendants to provide reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.  Additionally, the Government

requests an Order requiring the Defendants to produce all statements of anticipated defenses witnesses, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure.

Defendant Varnado opposes both of the Government's requests, arguing (1) that the Government is engaging in an impermissible "fishing expedition" into the defense files and work product; (2) that the Government has not yet fully complied with its own discovery obligations under Rule 16; and (3) that the Government's motion is premature in that the defense has not yet decided which witnesses the defense may call or which documents the defense may seek to admit into evidence.

**A.　Reciprocal Discovery**

Rule 16(b) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> (1)(A) If a defendant requests disclosure under Rule 16(a)(1)(E) and the Government complies, then the defendant must permit the government to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> > (i) the item is within the defendant's possession, custody, or control; and

> > (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1). Additionally, Rule 16(b) requires a defendant to produce all reports of examinations or tests, Fed. R. Crim. P. 16(b)(1)(B), and summaries of the anticipated testimony of any expert witnesses a defendant intends to call during the trial, Fed. R. Crim. P. 16(b)(1)(C).

Rule 16(b) also specifically exempts certain information from disclosure:

> Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
>
> (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or
>
> (B) a statement made to the defendant, or the defendant's attorney or agent, by:
>
> > (i) the defendant;
> >
> > (ii) a government or defense witness; or
> >
> > (iii) a prospective government or defendant witness.

Fed. R. Crim. P. 16(b)(2).

Paragraph 20 of this Court's Standard Criminal Discovery Order [Docs. 14, 22] specifically requires the production of reciprocal discovery

"[a]t such time as the government provides defense counsel with discovery under Rule 16(a)(1)(C) or (D) . . . ." The Government contends that, despite having made its entire investigative file available to the Defendants and having made a number of informal requests for reciprocal discovery, no such discovery has been produced to date.

Defendant Varnado contends that the Government has not fully complied with its discovery obligations because it has not provided the information requested by the Defendant in the motion for <u>Brady</u> and impeaching evidence. For the reasons previously stated in this Order, this argument is without merit. These materials have already been made available to the Defendant pursuant to the Court's Standard Criminal Discovery Order [Doc. 22] and the Government's Open File Policy.

Defendant Varnado further contends that, in any event, the defense has not yet made decisions as to which, if any, witnesses may be called or which documents may be used at trial. Until recently, however, this matter was set for trial on October 29, 2007. At this late date, the Defendant cannot be heard to say that no decisions have been made with respect to which witnesses and documents will be introduced at trial.

For these reasons, the Court concludes that the Defendant is obligated to provide reciprocal discovery to the Government in accordance with the provisions of Rule 16(b). Accordingly, the Government's request for reciprocal discovery [Doc. 75] is **GRANTED**.

**B.     Defense Witness Statements**

The Government also seeks an Order directing the Defendants to produce any statements of defense witnesses in the Defendants' possession which relate to the subject matter of the witnesses' testimony, including the statements of witnesses contained in memoranda or reports prepared by any defense investigators.

The Government's request for disclosure of defense witness statements is premature. Rule 26.2 of the Federal Rules of Criminal Procedure provides that such statement must be produced only "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a). The Supreme Court has specifically recognized that Rule 26.2 does not authorize the pretrial discovery of an investigator's report. See United States v. Nobles, 422 U.S. 225, 235 n.8 (1975). Indeed, Rule 16 specifically exempts such reports from pretrial disclosure. See Fed. R.

Crim. P. 16(b)(2). For these reasons, the Government's request for pretrial disclosure of defense witness statements [Doc. 75] is **DENIED**.

**O R D E R**

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Pre-Trial Production of Brady and Impeachment Evidence Related to Government Witnesses "Prince Yellowe" and Linda Morgan [Doc. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion *in Limine* to Preclude Propensity Evidence and Co-Conspirator Statements That Were Not In Furtherance of the Charged Conspiracy [Doc. 49] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Government's Motion to Permit the Use of Leading Questions During Direct Examination of Witnesses Identified With Defendant [Doc. 62] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Government's Motion for Reciprocal Discovery and Production of Defense Witness Statements [Doc. 75] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Signed: November 16, 2007

Martin Reidinger
United States District Judge