# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 3:06CR415

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  ) | |
| VS.                    ) | **O R D E R** |
|                        )  )  ) | |
| TAMARA VARNADO         ) | |

    **THIS MATTER** is before the Court on the Defendant's notice of intent to advance an antagonistic defense and compel the testimony of her co-Defendant Paul Osuji or, in the alternative, to sever the trials to allow her to compel his testimony, filed December 13, 2007.  The Government has filed an opposition to Defendant's notice.  Her request for an evidentiary hearing on this matter is denied.

    Allegedly, Osuji would testify that Prince Yellowe, a Government witness, was housed in the same jail facility as Osuji; that during their incarceration together, Yellowe tried to persuade Osuji to plead guilty and implicate Varnado in exchange for Yellowe seeking leniency on Osuji's behalf; that Yellowe also gave Osuji "pointers" on what to say during the

trial; that "upon information and belief" (the source of which is not revealed), Yellowe did so "to mask illegal activities of the two not previously disclosed by [him] as a part of his cooperation agreement with the [G]overnment;" that Yellowe told Osuji to conceal the backdating scheme from Varnado; and that Yellowe asked Osuji to provide false testimony and "'point the finger at Tamara and you go home,' so as to prevent Yellowe from being further detained at the Mecklenburg County Jail." **Defendant's Notice, at 1-2.**

First, it is observed that the primary source of this information is Yellowee who may be called as a witness by Varnado or, if called by the Government, Varnado will have full opportunity to cross examine Yellowee.

Second, if Osuji takes the stand in his own behalf, Varnado may cross examine him regarding any relevant conversation he may have had with Yellowee.

Third, if Osuji is called as a witness by Varnado, the Court, in the absence of the jury, may determine whether he chooses to waive his Fifth Amendment privilege guaranteed by the Constitution. If he chooses not to waive the privilege, the Court will determine whether a severance should be granted.

As a general rule, the Court will adhere to the well established principle that defendants property joined in an indictment "are to be tried together and this is particularly so if a conspiracy is charged[.]" **United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983)**. Joint trials "play a vital role in the criminal justice system[.]" **Richardson v. Marsh, 481 U.S. 200, 209 (1987).**

> [A party moving for severance] must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony.

**Parodi, supra.** The Court must find a reasonable probability that the exculpatory evidence would be forthcoming. **United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978).** In reaching a decision to sever, the Court must carefully weigh the inconvenience and expense of a second trial and producing witnesses at separate trials against the defendant's interest as involved in a joint trial. **United States v. Uhrich, 228 F. App'x 248, 255-56 (4th Cir.), cert. denied sub nom. Leffler v. United States, 128 S. Ct. 407 (2007).** The Court must also carefully consider whether denying the severance motion would deprive the moving defendant of a fair

trial and result in a miscarriage of justice. **United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995).**

Defendant Varnado makes no reasonable showing that Osuji would likely surrender his Fifth Amendment rights and agree to testify as outlined in her motion, nor does she show a bona fide need for the alleged evidence as being likely to affect the outcome of the case. In fact, if Osuji agreed to testify and did so in accordance with his statement to the Federal Bureau of Investigation, his testimony would inculpate, not exculpate, Varnado. **See Defendant's Motion, at 2, n.2.** It is also worthy of note that Varnado is not entitled to a separate trial merely because she "may have a better chance of acquittal in separate trials." **Zafiro v. United States, 506 U.S. 534, 540 (1993) (citing United States v. Martinez, 922 F.2d 914, 922 (1st Cir. 1991) (other citations omitted).**

Defendant also asserts that she will present a defense that is antagonistic to that of her co-Defendant Osuji. Mutually antagonistic defenses are not prejudicial per se. "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." **Id. at 538-39.**

In order to justify a severance on the basis of an antagonistic defense, the defendant must demonstrate "that the conflict is so prejudicial that the differences are irreconcilable, 'and that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" **Becker, supra (quoting *United States v. Ehrlichman*, 546 F.2d 910, 929 (1976)) (other citations omitted).** The Defendant here has failed to show probable or likely possible prejudice to her defense in this case.

Finally, the Court notes that this case has previously been set for trial on several occasions and then continued for various reasons. At this late date, less than one month before trial, a variety of problems would occur if a severance and continuance were granted. Attorneys, witnesses, court personnel, court space and travel accommodations for affected persons would have to be rescheduled. It is anticipated that several dozen witnesses may be called from various parts of the country. The Defendant has not shown a likelihood of prejudice to her defense which could not be avoided by appropriate action on the part of the presiding judge. **Zafiro, supra.**

**IT IS, THEREFORE, ORDERED** that the Defendant's notice of intent to compel the testimony of her co-Defendant Paul Osuji and her alternative motion to sever are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for an evidentiary hearing is likewise **DENIED**.

Signed: December 18, 2007

Lacy H. Thornburg
United States District Judge