UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:06CR415-LHT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| (2) TAMARA VARNADO, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant=s conviction, and finding that there is a substantial nexus between the property listed below and the offense(s) of conviction and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. '982, 18 U.S.C. '3665, 21 U.S.C. '853, and/or 28 U.S.C. '2461(c), consisting of all funds seized from the bank accounts indicated below in February 2004:

   (a) $11,439.15 - Bank of America account number xxxxx9642;

   (b) $9,986.64 - Central Carolina Bank account number xxxxx5138;

   (c) $24,010.16 - Central Carolina Bank account number xxxxx8589;

   (d) $6671.49 - Bank of America account number xxxxxx3527; and

   (e) $128,090.24 - Bank of America account number xxxxx2436.

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant=s crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. '982, 21 U.S.C. '853, and/or 28 U.S.C. '2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
MICHAEL E. SAVAGE
Assistant United States Attorney

_____
MELISSA RIKARD
Assistant United States Attorney


_____
TAMARA VARNADO
Defendant

_____
Attorney for Defendant

Signed this the 21 day of January, 2008.


_____
UNITED STATES _____ JUDGE

2