# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CRIMINAL NO. 3:06CR415**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **TAMARA VARNADO** | ) | |
| ______________________________ | ) | |

**THIS MATTER** is before the Court on Defendant's motion for continued release pending appeal; the Government opposes the relief sought. For the reasons that follow, Defendant's motion is denied.

## I. BACKGROUND

Defendants Tamara Varnado and Paul Osuji were charged in a superseding indictment with 18 counts relating to a scheme to defraud the Government's Medicare program and other private health care agencies. ***See* Superseding Indictment, filed May 30, 2007.** Count One charged the Defendants with conspiracy to defraud the Government in connection with the delivery and payment of health care benefits or services, in

violation of 18 U.S.C. §§ 1347 and 1349, committed "within Mecklenburg County, in the Western District of North Carolina, and elsewhere." ***Id*. at 9.** Counts Two through Ten charged Defendants with defrauding health care programs in violation of 18 U.S.C. § 1347, "in Mecklenburg County, within the Western District of North Carolina, and elsewhere." ***Id*. at 10-11.** Count Eleven charged Defendants with a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), committed "in Mecklenburg County, within the Western District of North Carolina and elsewhere." ***Id*. at 12.** Counts Twelve through Eighteen charged promotion of money laundering in violation of 18 U.S.C. § 1956, committed "in Mecklenburg County, within the Western District of North Carolina, and elsewhere." ***Id*. at 13-14.**

Defendants were brought to trial on the superseding indictment January 7-11, 2008, and January 14-15, 2008. The jury returned a verdict finding Defendants guilty on all counts alleged in the superseding indictment. ***See* Jury Verdict as to Paul Osuji, filed January 15, 2008**; **Jury Verdict as to Tamara Varnado, filed January 15, 2008.** Defendant Varnado filed a motion for a new trial and for judgment of acquittal on

January 25, 2008.[1] Counsel for Varnado, after obtaining the trial transcripts, filed briefs supporting the motion for a new trial and judgment of acquittal. ***See* Brief in Support of Motion for New Trial and Brief in Support of Motion for Judgment of Acquittal, filed July 9, 2008.** The Government responded in opposition on August 7, 2008. The undersigned denied Varnado's motions. ***See* Memorandum and Order, filed October 24, 2008.** The Court made extensive factual findings in the Memorandum and Order in deciding the motions and such findings are fully incorporated herein.

On November 20, 2008, Defendant Varnado was sentenced to a term of 63 months imprisonment. ***See* Judgment in a Criminal Case, filed December 4, 2008.** Varnado was allowed to remain on bond pending notification from the United States Marshal of her reporting date to begin service of her sentence. **Order Setting Conditions of Release, November 20, 2008.** Varnado filed notice of appeal from the judgment on December 8, 2008. On December 22, 2008, Varnado filed the instant motion for bond and continued release pending the resolution of her

[1]Defendant Paul Osuji did not file a motion for a new trial or for judgment of acquittal.

appeal by the Fourth Circuit. In her motion, Varnado reports that she has received notice to report to the Federal Prison Camp at Bryant, Texas, by noon on January 14, 2009. **Motion for Continued Release Pending Appeal, at 3.** The Government responded opposing Defendant's motion on January 7, 2009, and this matter is now ready for resolution.

## II. DISCUSSION

Defendant Varnado contends that she should be released pending appeal under 18 U.S.C. § 3143(b) because, *inter alia*, her "appeal raises substantial questions of law." ***Id.*** This statute provides in relevant part:

> **(b) Release or detention pending appeal by the defendant.**–
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [18 U.S.C.]; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of [18 U.S.C.], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

**18 U.S.C. § 3143(b)(1)(A) and (B)**.

In examining § 3143(b)(1)(A), the Court finds that Varnado was on pretrial release without incident following her arrest until the date of sentencing on November 20, 2008. As noted herein, Varnado has been on release pending her notification of the date to self-surrender and there is no evidence before the Court to show that she has failed to comply with any of the terms and conditions of her release order. ***See*** **Order Setting Conditions of Release, *supra***. Therefore, the Court finds that Varnado does not appear likely to flee or pose a danger to the safety of any other person or the community if released under this provision.

Next, the Court must consider whether the appeal is made for the purpose of delay and whether the Defendant has raised substantial questions of law or fact that are likely to result in (1) reversal; (2) an order

for a new trial; (3) a sentence that does not impose a term of imprisonment; or (4) a reduced term of imprisonment that is less than that the likely time involved in the resolution of the appeal. **18 U.S.C. § 3143(b)(1)(B).** The Court concludes that the appeal is not made for the purpose of delaying the imposition of the active sentence of imprisonment. Defendant's counsel has made a number of arguments in support of release, and although the Court ultimately rejects these arguments, the undersigned does not conclude that the arguments were made simply for the purpose of delay.

Defendant advances four arguments in favor of release pending appeal. First, Defendant argues for release pending appeal because this Court's interpretation of the Supreme Court's decision in *Santos* represents a substantial question of law. **Defendant's Motion, *supra*, at 5; *see United States v . Santos*, 128 S. Ct. 2020 (2008).** This issue was addressed in the Court's Memorandum and Order denying Defendant's motion for judgment of acquittal. On this issue the undersigned found that:

> No matter how the "receipt" versus "profit" question is ultimately resolved in light of the plurality opinion, *Santos* did nothing to undermine the notion that a "profit" is a "profit" under the federal money laundering statute. In the present case, the undersigned concludes that the monies paid to Varnado were indeed "profits" as contemplated by the profit sharing

> agreement as discussed by Yellowe and Osuji. Defendant Varnado was charged and convicted of money laundering and conspiracy in connection with health care fraud committed against Medicare. The evidence at trial showed that she was the registered owner of Medisource, the sole signatory to the company's bank account, and that she agreed to a "profit sharing" agreement with Yellowe and Osuji. Yellowe's testimony makes clear that the agreement provided that any profit was to be distributed equally only *after* equipment costs, investment fees paid to Dr. Morgan, delivery costs, taxes for Chimatex's office and billing fees were deducted from the money reimbursed by Medicare. Tr. Vol. III, *supra*, at 611-23. In conclusion, the agreement to which the jury found Varnado to be a party, contemplated payment, that is, profit distribution, only after all expenses of the operation were paid. Accordingly, this argument is overruled.

**Memorandum and Order, *supra*, at 16-17.** Again, the Court concludes that Defendant's reliance on *Santos* is misplaced and does not present a substantial question of law.

Next, Defendant argues that this Court's denial of Defendant's challenges to venue raises both a Constitutional and substantial question of law. The undersigned has previously addressed these same arguments and Defendant has brought forth no additional reason why the Court should revisit the prior ruling on venue. Therefore, the Court again denies Defendant's challenges to venue. ***See id.* at 17-18.**

Defendant also renews her argument that the Court's inclusion of the words "Statute Violated" in the heading of the jury instructions "[v]itiated

Varnado's [p]resumption of [i]nnocence." **Motion for Release Pending Appeal, at 7**. Having considered Defendant's renewed argument on this issue, the Court finds no reason to depart from the reasoning set forth in the Memorandum and Order denying Defendant's motion on this issue. ***See* Memorandum and Order, at 10-11.** Therefore, the Court again denies Defendant's challenge to the jury instructions and concludes that Defendant has not presented a substantial question of law.

Defendant's final argument contends that her sentencing range was improperly increased based on an unproven loss amount in violation of Federal Rule of Criminal Procedure 32. **Motion for Release Pending Appeal, at 7.** Defendant does not discuss how any alleged error in calculation of loss amount could affect her 63-month sentence. The Court has considered evidence presented at trial and during the sentencing hearing on this issue and finds that such does not present a substantial question of law that could satisfy the provisions of § 3143(b)(1)(B)(i)-(iv). Accordingly, Defendant's argument is overruled.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for release pending appeal is **DENIED.**

Signed: January 12, 2009

Lacy H. Thornburg
United States District Judge